**City of Wadsworth *v.* Owens.**

(No. 10691—Decided
May 28, 1987.)

Wadsworth Municipal Court.

*Norman E. Brague,* director of law, for plaintiff.
*Dean Konstand,* for defendant.

KIMBLER, J. This matter came to be heard upon the motion of defendant Sue Owens for an order dismissing the charge against her on the grounds that the Wadsworth city ordinance that the defendant is accused of violating is unconstitutional.

Pursuant to agreement of counsel, this motion is being decided on the basis of written briefs submitted by the parties.

Defendant is accused of violating Section 509.08(b) of the Wadsworth City Ordinances. The ordinance is set forth in the Appendix to this opinion. Briefly, the ordinance states that no parent or guardian "shall permit or neglectfully allow" a minor to be on the streets, sidewalks, or other public places in the city during certain hours set forth in the ordinance.

As can be seen from the ordinance, there are no exceptions set forth in the ordinance. If a child is under eighteen years of age, and not with a person over eighteen years of age, then the minor is in violation of the ordinance.

Defendant alleges that this ordinance is unconstitutional in that it deprives the minor of a fundamental right without the showing of a compelling state interest in the infringement on that right and therefore is violative of the Fourteenth Amendment to the United States Constitution.

The United States Supreme Court has held that minors have certain constitutional rights that are guaranteed to adults under the United States Constitution. For example, in the case of

*Tinker* v. *Des Moines Independent Community School Dist.* (1969), 393 U.S. 503, 49 O.O. 2d 222, the court held that minors have the First Amendment rights of freedom of speech and expression; in the case of *In re Gault* (1967), 387 U.S. 1, 40 O.O. 2d 378, the court held that minors have a right to court-appointed counsel in certain juvenile cases; in the case of *Planned Parenthood of Central Missouri* v. *Danforth* (1976), 428 U.S. 52, the court held that minors have a right to privacy; and in the case of *In re Winship* (1970), 397 U.S. 358, 51 O.O. 2d 323, the court held that in a juvenile delinquency proceeding the state must show delinquency by proof beyond a reasonable doubt.

Thus, the question becomes whether the ordinance in this case violates any constitutional rights that minors have under the United States Constitution.

In the case of *In re Mosier* (1978), 59 Ohio Misc. 83, 13 O.O. 3d 290, 394 N.E. 2d 368, the Court of Common Pleas of Van Wert County was faced with a similar ordinance in a case in which it was alleged that a juvenile was an unruly child because of his violation of a curfew ordinance.

In a well-written decision, Judge Wise noted that in the case of *Prince* v. *Massachusetts* (1944), 321 U.S. 158, the United States Supreme Court held that a minor has a First Amendment right to freedom of religion, but that this right may be infringed by the state upon the showing of a compelling state interest.

Judge Wise went on to note that under the ordinance in that case a minor could not attend midnight mass at a local Catholic church, or Christmas Eve services at a local Protestant Church, unless accompanied by his or her parent or guardian, without being in violation of the ordinance of Van Wert.

Likewise, in the present case, a minor in Wadsworth could not attend midnight mass services in the largest church in the city without being in violation of the curfew ordinance unless accompanied by his or her parent or guardian.

Clearly, the city has not shown, and probably cannot show, any compelling state interest in the enactment of a curfew ordinance that, on its face, would prohibit such a minor from attending religious services.

Furthermore, there are other reasons why this ordinance is constitutionally invalid.

The United States Supreme Court has held that the state must show a compelling interest for enactments that infringe upon any fundamental right. See, for example, the concurring opinion of Justice Goldberg in *Griswold* v. *Connecticut* (1965), 381 U.S. 479.

In the case of *Papachristou* v. *City of Jacksonville* (1972), 405 U.S. 156, in an opinion written by Justice Douglas, the Supreme Court apparently held that walking, strolling, and wandering are fundamental rights guaranteed to American citizens under the United States Constitution.

If there is a constitutional right to engage in the above activities, then it would seem that a minor has a constitutional right to attend movies, athletic events, concerts, proms, parties, and other innocent activities associated with being a teenager in America in the 1980s, free of infringement by the government absent a compelling state interest.

What the above activities have in common with walking, wandering, or strolling is that all of these pursuits require that a person be able to move freely without fear of governmental restriction or invasion.

Although not mentioned in the *Papachristou* case *supra*, this court

finds that there is a Ninth Amendment right to move freely, without fear of governmental restriction or invasion, and that this right is guaranteed to citizens of the various states through the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Furthermore, this court finds that this right is a fundamental one, indeed, so fundamental, that the Drafters of the United States Constitution did not feel it necessary to list it in that document.

The court further finds that this is a right that is extended to minors and that before this right may be abridged, the state must show a compelling state interest.

The question then becomes whether the city of Wadsworth has a compelling state interest in the total prohibition of minors travelling during certain hours on the public streets and sidewalks of the city.

In this case, the court can find no compelling state interest that would justify the blanket prohibition contained in the ordinance involved in this case.

Furthermore, the court would note that this ordinance prohibits a minor who is coming from work from being on the streets and highways during the hours specified in the ordinance. A minor and his or her parents, who have the initiative to obtain employment, perhaps in order to save money for college, may find themselves facing a fine if the minor is caught going home from work during the hours set forth in the ordinance.

Again, this court feels that a minor who is employed has a fundamental right to move to and from his job without fear of governmental restriction and, therefore, finds that this ordinance is overbroad and that the city has shown no compelling state interest in the prohibiting of such movement.

Therefore, this court grants the motion of the defendant and hereby finds the ordinance under which the defendant is charged to be unconstitutional.

Since this court has found this ordinance to be unconstitutional, it may not enforce it, and therefore must grant the motion of the defendant to dismiss the charge against her.

*So ordered.*

## Appendix

"509.08 CURFEW.

"(a) No child under the age of eighteen years shall be abroad on the streets, sidewalks or other public places of the City between the following hours (local time):

"11:00 p.m. Sunday to 5:00 a.m. Monday

"11:00 p.m. Monday to 5:00 a.m. Tuesday

"11:00 p.m. Tuesday to 5:00 a.m. Wednesday

"11:00 p.m. Wednesday to 5:00 a.m. Thursday

"11:00 p.m. Thursday to 5:00 a.m. Friday

"11:59 p.m. Friday to 5:00 a.m. Saturday

"11:59 p.m. Saturday to 5:00 a.m. Sunday,

"unless such child is accompanied by his or her parent, guardian, custodian or other responsible person twenty-one years of age or older having the permission of the parent, guardian or custodian to have such child abroad during such hours.

"(b) No person, being the parent, guardian or otherwise legally responsible for the care, control or custody of a child under the age of eighteen years, shall permit or neglectfully allow a child under the age of eighteen years to be abroad on the streets, sidewalks

4

or other public places of the City between the hours of:

"11:00 p.m. Sunday to 5:00 a.m. Monday

"11:00 p.m. Monday to 5:00 a.m. Tuesday

"11:00 p.m. Tuesday to 5:00 a.m. Wednesday

"11:00 p.m. Wednesday to 5:00 a.m. Thursday

"11:00 p.m. Thursday to 5:00 a.m. Friday

"11:59 p.m. Friday to 5:00 a.m. Saturday

"11:59 p.m. Saturday to 5:00 a.m. Sunday,

"unless such person personally accompanies such minor or provides that a responsible person twenty-one years of age or older accompanies such minor.

"(c)   Whoever violates this section is guilty of a minor misdemeanor."